1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    JAMES CURTIS KERN,                  No. 2:24-cv-02149-TLN-EFB (PC)

10                Plaintiff,

11         v.                            ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
12   SUPERIOR COURT OF CALIFORNIA, et
     al.,

13                Defendants.

14

15         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  ECF No. 1.  In addition to filing a complaint, he also filed an application to

17   proceed in forma pauperis.  ECF No. 2.

18                    Application to Proceed in Forma Pauperis

19         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

21   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

22                           Screening Standards

23         Federal courts must engage in a preliminary screening of cases in which prisoners seek

24   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

26   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

27   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

28   relief."  *Id.* § 1915A(b).

                                        1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges:

I am not being treated fairly by the courts.  The Court of Appeal is waiting on the District Attorney from the Superior Court of California County of Sacramento, while I haven't been appointed an attorney in a timely manner as we agreed. Days before my opening brief was due I called the Court of Appeal, Third Appellate District, State of California and stated my brief was due in a few days and I hadn't been appointed counsel as we agreed on form I completed and returned April 13, 2024.  They stated everything's fine, but I never received another brief date or was appointed an attorney.  Not being appointed counsel to represent my case in appeal is very harmful to my case and puts me in a difficult situation.  I feel highly discriminated against.  The Superior Court of California, County of Sacramento is responsible.

2

1

2  ECF No. 1. At 4.

3      The complaint fails to state a cognizable claim for three reasons.  First, a review of the

4  docket for plaintiff's appeal in the California Court of Appeal for the Third Appellate District (of

5  which the court takes judicial notice) reveals that plaintiff was appointed an attorney on August 7,

6  2024 and has been granted a number of extensions of time to file his opening brief, which is

7  currently due February 20, 2025.  *California Courts – Appellate Case Information*,

8  appellatecases.courtinfo.ca.gov (last checked February 16, 2025).  Article III of the U.S.

9  Constitution confines federal judicial authority "cases and controversies."  U.S. CONST. art. III, §

10  2, cl. 1.  "The rule in federal cases is that an actual controversy must be extant at all stages of

11  review, not merely at the time the complaint is filed."  *Steffel v. Thompson*, 415 U.S. 452, 459

12  n.10 (1974).  Where an actual controversy does not persist throughout litigation, the case becomes

13  moot.  *Already, LLC v. Nike, Inc*., 568 U.S. 85, 90-91 (2013).  The docket of plaintiff's state-court

14  appeal reveals that his claim that he was not provided counsel and thereby prejudiced in filing his

15  brief has become moot.

16      In addition, a federal court will not intervene in a pending state criminal prosecution

17  unless the plaintiff shows that he will suffer great and immediate irreparable injury.  *Younger v.*

18  *Harris*, 401 U.S. 37, 46-49 (1971).  *Younger* abstention in favor of a state proceeding is

19  appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and

20  (3) provide an adequate opportunity to litigate the petitioner's federal claims.  *Kenneally v.*

21  *Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).  When a federal court abstains from hearing a

22  case under the *Younger* principle, it must dismiss the pending action without prejudice.  *Beltran v.*

23  *California*, 871 F.2d 777, 782 (9th Cir. 1988).

24      *Younger* abstention is appropriate here.  Plaintiff's complaint makes plain that his criminal

25  case is ongoing, in its direct appeal stage.  The state has an important interest in the adjudication

26  of criminal cases. *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).  To the extent the conduct

27  plaintiff complains of states a cognizable claim, he can present that claim to the state courts in his

28  direct appeals.

1       Lastly, plaintiff sues only defendants who are immune from suit under the Eleventh

2  Amendment.  The Sacramento County Superior Court and the Third District Court of Appeal are

3  arms of the state, and thus the Eleventh Amendment shields them from suit under § 1983.  *Munoz*

4  *v. Super. Ct.*, 91 F.4th 977, 980 (9th Cir. 2024).

5       For these reasons, plaintiff's complaint must be dismissed for failure to state a claim upon

6  which relief could be granted.  Given the deficiencies, the court finds that leave to amend in this

7  action would be futile.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to

8  amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be

9  cured by amendment") (internal citations omitted).

10  Conclusion

11       Accordingly, IT IS ORDERED that:

12  1.   Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

13  2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

14       accordance with the notice to the California Department of Corrections and

15       Rehabilitation filed concurrently herewith.

16       Further, IT IS RECOMMENDED that this action be dismissed without leave to amend for

17  failure to state a claim upon which relief could be granted.

18       These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written objections

21  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

22  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

23  specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158

24  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25  Dated: February 20, 2025

26

27                           EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

28

4